### DUDLEY v. CHANFRAU AND OTHERS.

In an action for forcible entry and detainer, a mere trespass is not sufficient to maintain the action. There must be circumstances of violence and terror, by a strong hand, or a multitude of people.

DUDLEY was in possession of the bar and saloons of the Chatham theater, claiming under a lease of the same. While he and his assistants were thus in possession, two of the defendants came in and demanded the keys. He refused to give them. They then said they would take possession. He replied if they did they must do it forcibly. They replied that that was what they meant to do, for the other two defendants, who were not present. They then went behind the counter, and began to remove the things. D. and his assistant then left the premises, and the defendants took and kept possession of them. They used no threats of personal violence, had no unusual weapons, and there were only two of them against the plaintiff and his assistant. When D. said he had a lease, they told him if he would satisfy them of that they would let him remain.

After an inquisition was found, and the defendants had traversed the forcible entry, the cause was removed into this court by certiorari, where it was tried without a jury at the December Circuit, 1849.

*Edmonds, J.:* This is purely a question of fact whether there was a forcible entry. No threats of personal violence were used, no unusual weapons displayed, no riotous assemblage, nor any unusual number of persons; nor, indeed, any violence or force further than so much as was necessary to

remove the articles of personal property within the bar or saloons.

I see nothing in this more than ordinary trespass. No circumstances of violence or terror which are necessary to constitute a forcible entry; no "strong hand or multitude of people."

There must, therefore, be judgment for the defendants, with costs.